Ruggles, J.,
delivered the opinion of the court. This action was commenced on the 13th day of July, 1850, by the plaintiff as executor of Joseph Odell, deceased, to recover several sums of money claimed to be due and owing from the defendant for money loaned by the plaintiff’s testator. The defendant in his answer sets up in defence the statute of limitations, a discharge under the bankrupt act granted in September, 1842,. and that the loans were usurious. The- cause was tried in February, 1851, at the Niagara circuit, before Mr. Justice Sill. On the trial the plaintiff offered as a witness Erastus Odell, a son of the testator-and one of the residuary legatees named in his will. Be was. objected to as incompetent and as being interested as one of the persons for whose immediate benefit the suit was prosecuted. The objection was overruled and the defendant excepted.
Section 398 of the Code of 1849, declares that no person offered as a witness shall be excluded by reason of his interest in the event of the action. Section 399, as it stood when this cause was tried, contains the exceptions to this rule. It declares that the last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended; nor to any assignor of a thing in action assigned for the purpose of making him a witness. The witness offered was not a person for whose immediate benefit this action was prosecuted. The plaintiff, as executor, is entitled to recover the money for which the suit was brought,' and is bound to apply it either to the payment of the testator’s debts or to other purposes expressed in the will. The witness is not entitled to the immediate benefit of the -recovery, and it is uncertain whether he will be entitled to any part of it immediately or remotely. It may be entirely exhausted in satisfaction of demands against the estate entitled to a preference over the claims of the witness. Section 399 applies only to a person into whose hands the money collected in the suit *375 will necessarily go when it is received, or who might take it from the sheriff or the attorney as his own. It does not apply where the money cannot immediately, although it may ultimately go into his hands. (Bank of Charleston v. Emeric, 2 Sandf. S. C. R., 718.) Section 399 does not apply to a stockholder in an incorporated company, although he has an immediate and certain interest in the money to be recovered; and although the money must be applied in part to his immediate use and benefit. (New-York & Erie Railroad Co. v. Cook, 2 Sandf. S. C. R., 732; The Washington Bank v. Palmer, ib., 686.) The witness, when offered, had such an interest as would have excluded him at common law. But section 398 removed the objection, and section 399 did not reinstate it.
The witness, however, after the objection was overruled and before he testified, assigned his interest in the personal estate of his father to the plaintiff. The counsel for the defendant objected that the witness was incompetent before the execution of the assignment, because he was one of the parties for whose immediate benefit the action was brought, and that the assignment was made for the purpose of making him a witness and that he was therefore still incompetent. The objection was overruled and the witness permitted to testify and the counsel for the defendant excepted. This assignment by the witness was unnecessary; but it did not affect the question of his competency. If the assignment was valid and operative to bring the witness within the last exception contained in section 399 as an assignor of the thing in action, it also discharged him of his interest in the event of the suit and rendered him admissible as a witness at common law without regard to either section of the Code.
The objection to the witness Elijah Odell, another residuary legatee under the will who was sworn for the plain tiff, rests upon precisely the same grounds as the objections above discussed and must be disposed of in the same *376 manner. So far, therefore, as these exceptions are concerned the rulings at the circuit were correct and the judgment should be affirmed.
(Various other exceptions, taken at the trial, were discussed and the rulings held to have been correct; but these questions are not of general interest and this part of the opinion is therefore omitted.)
Judgment affirmed.